[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: February 25, 1994 Date of Application: February 25, 1994 Date Application Filed: February 25, 1994 Date of Decision: September 23, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket Numbers CR7-145827, CR6-358934 and CR7-143623.
Christopher P. DeMarco, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
The petitioner entered pleas of guilty to robbery in the second degree, assault in the second degree and robbery in the CT Page 11506 first degree. The trial court imposed a net effective sentence of 25 years incarceration execution suspended after 20 years incarceration to be followed by a period of probation.
The petitioner seeks a reduction of his sentence predominately based upon his claim of his mental health status at the time of the offenses. Petitioner claims that he was undergoing outpatient psychiatric treatment in Puerto Rico prior to the instant offenses and that the petitioner was on a cocaine and/or crack cocaine binge at the time of the bank robberies. Petitioner claims that his psychiatric problems and drug abuse at the times of the offenses should be considered as mitigants.
Counsel for the petitioner did conclude his remarks by stating that he, personally, has noticed a substantial change for the better in the petitioner, in that petitioner presently appears "clear headed."
The state's attorney countered by emphasizing that there were two separate bank robberies involved and in one a co-conspirator discharged a shotgun during the robbery. The state's attorney further emphasized the violent nature of petitioner by relating that even while confined the petitioner slashed a fellow inmate with a razor (the assault second degree charge). The state further related that at the time of the commission of these crimes the defendant was on probation for sale of narcotics and had six years exposure in the event of revocation. The state indicated that the sentence imposed was reasonable and should be left undisturbed.
The trial court considered the petitioner "a rather dangerous individual when you're on the loose." The court specified the aggravating nature of each of the two robberies. In one, a shotgun was discharged. In the other, the petitioner, during the course of the robbery, threatened the bank personnel with a syringe that petitioner claimed contained AIDS-tainted blood.
The court further stated that in its view, "the absolute, absolute minimum sentence" is the sentence the court imposed.
The scope of review of this panel is a limited one. Pursuant to Practice Book Section 942, "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the CT Page 11507 offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
Considering all these factors, the sentence imposed by the court is neither inappropriate or disproportionate. The sentence is affirmed.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J., and Miano, J. participated in this decision.